Steven M. Lucks
Zachary W. Silverman
FISHKIN LUCKS LLP
277 Broadway, Suite 408
New York, NY 10007
Tel: 646.755.9200
Fax: 973.679.4435
slucks@fishkinlucks.com
zsilverman@fishkinlucks.com

David B. Rosemberg
(*pro hac vice motion to be filed*)
ROSEMBERG LAW
20200 W. Dixie Hwy., Suite 602
Aventura, FL 33180
Tel: 305.602.2008
Fax: 305.602.0225
david@rosemberglaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCOIS DENIMAL, MICHELLE DENIMAL, RIAD CHOWDHURY, GAVIN FOH, JOHN FRIEDMAN, RAQUETTE VIEW LIMITED, a foreign corporation, and JAILINELI LIMITED, a foreign corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>PRODIGY NETWORK, LLC, a Delaware limited liability company, and 1234 W. RANDOLPH NEWCO, INC., a Delaware corporation,<br><br>Defendants. | Civil Action No.:<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

00071105.1

Plaintiffs Francois Denimal, Michelle Denimal, Riad Chowdhury, Gavin Foh, John Friedman, Raquette View Limited, and Jailineli Limited (together "Plaintiffs"), by and through their undersigned counsel, file this Complaint against defendants Prodigy Networks, LLC and 1234 W Randolph NewCo, Inc. (together "Defendants"), and allege:

## NATURE OF ACTION

1. This action is brought to recover damages arising out of Defendants' breach of their agreements with Plaintiffs, as detailed herein.

## PARTIES

2. Plaintiff, Francois Denimal is a citizen and resident of Singapore.

3. Plaintiff, Michelle Denimal f/k/a Michelle Howard is a citizen and resident of Singapore.

4. Plaintiff, Riad Chowdhury is a citizen and resident of Singapore.

5. Plaintiff, Gavin Foh is a citizen and resident of Singapore.

6. Plaintiff, John Friedman is a citizen and resident of Singapore.

7. Plaintiff, Raquette View Limited is a foreign corporation organized and existing under the laws of The Bahamas, with its principal place of business in The Bahamas.

8. Plaintiff, Jailineli Limited is a foreign corporation organized and existing under the laws of the British Virgin Islands, with its principal place of business in the British Virgin Islands.

9. Defendant 1234 W Randolph NewCo, Inc. ("NewCo") is a Delaware corporation with its principal place of business in New York.

10. Defendant Prodigy Network, LLC ("Prodigy Network") is a Delaware limited liability company. Upon information and belief, none of Prodigy Network's members is a citizen of Singapore, the British Virgin Islands or The Bahamas.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2) because the action is between citizens of different states and the matter in controversy exceeds $75,000.

12. This Court has personal jurisdiction and venue in this Court is proper pursuant to Section XI of the applicable Subscription Agreements, which provide, in relevant part:

> This Subscription Agreement shall be governed by the laws of the State of New York. Each party irrevocably agrees to submit to the exclusive jurisdiction of the state and federal courts situation in New York City, New York over any claim arising under or in connection with this Subscription Agreement.

13. Venue is also proper pursuant to 28 U.S.C. § 1391 because Defendants maintain their principal place of business, and a substantial part of the events giving rise to the claim occurred, in the Southern District of New York.

## FACTUAL ALLEGATIONS

14. Prodigy Network is engaged in providing real estate investment opportunities to clients from around the world; it operates a number of its real estate investments through its various subsidiaries and affiliates.

15. Beginning in May 2018, Prodigy Network's sales agents provided Plaintiffs, some of whom were existing investors in other Prodigy-led projects, with an opportunity to invest in a $55M equity offering led by Prodigy Network, in partnership with New York-based DDG Partners and Chicago-based Marc Realty, to acquire and develop a former dairy supply industrial facility located at 1234 W. Randolph in Chicago, Illinois and ultimately convert it into a large hotel, branded and operated by The Standard Hotel (the "Project").

16. Investment interests in the Project were sold pursuant to an Amended and Restated Confidential Private Offering Memorandum of Prodigy Shorewood Master REP Fund, LLC;

Prodigy Shorewood Domestic Feeder REP Fund, LLC; NewCo; and Prodigy Shorewood New York REP Fund, LP (collectively, the "Fund") dated July 15, 2016, and a Supplement to the Offering Memorandum dated June 1, 2018 (collectively, the "Offering Memorandum").

17. Defendant NewCo was formed by Prodigy Network, the investment manager of NewCo, as a vehicle to allow foreign investors such as Plaintiffs to invest in the Project. Investors in NewCo would make an equity investment and a loan to NewCo, and NewCo would then contribute the proceeds of the equity investment and loan to the capital of the 1234 W Randolph Master Series of the Prodigy Shorewood Master REP Fund, LLC, in exchange for interests in such master series.

18. To entice investors to participate in the Project, Prodigy Network offered initial equity investors such as Plaintiffs the opportunity to invest with a voluntary redemption option. An initial equity investor could redeem his, her, or its investment plus 18% interest after 12-months simply by providing Prodigy Network with a 90-day written redemption notice.

19. The Offering Memorandum provided, in pertinent part, regarding Voluntary Redemptions:

> *Certain investors will be given the option to redeem at the Redemption Price (as defined below) as indicated in their Subscription Agreement; provided, however, that no such option to redeem at the Redemption Price will be permitted prior to the date that is 12 months after the date that their subscription has been accepted by the Administrator or the Investment Manager (the "**Voluntary Redemption Start Date**"), and provided, further, that no such investor will be permitted to exercise such redemption option at the Redemption Price after the date that is 16 months after the Voluntary Redemption Start Date. Any notice in respect of any such redemption must be made in writing at least three months prior to any applicable redemption date.*
>
> *"Redemption Price" means, with respect to any Domestic Interest, Offshore Interest or NewCo Class B Common Stock and NewCo Loan held by an Investor that is being redeemed, an amount equal*

> *to the difference of (a) the sum of (x) capital contributions made by such investor in connection with such Domestic Interest, Offshore Interest or NewCo Class B Common Stock and NewCo Loan, as applicable, plus (y) an amount equal to an 18% pre-tax annual compounded return, or such other amount as indicated in the Subscriber's Subscription Agreement to the extent the amount is different (from the date of such capital contributions), on such capital contributions less (b) all amounts previously paid or otherwise distributed to such investor by the 1234 W Randolph Domestic Feeder Series, the 1234 W Randolph Offshore Feeder Series or NewCo in connection with such Domestic Interest, Offshore Interest or NewCo Class B Common Stock and NewCo Loan.*

20. In order to make an investment, investors were required to execute a Subscription Agreement, which incorporated by reference, the terms of the Offering Memorandum.

21. On or about June 3, 2018, Plaintiff Francois Denimal executed a Subscription Agreement to purchase NewCo Class B Common Stock in the amount of $62,500, and to make a loan to NewCo in the amount of $187,500.  Mr. Denimal's subscription included a voluntary redemption option.

22. On or about June 4, 2018, Plaintiff Riad Chowdhury executed a Subscription Agreement to purchase NewCo Class B Common Stock in the amount of $62,500, and to make a loan to NewCo in the amount of $187,500.  Mr. Chowdhury's subscription included a voluntary redemption option.

23. On or about June 4, 2018, Plaintiff Gavin Foh executed a Subscription Agreement to purchase NewCo Class B Common Stock in the amount of $25,000, and to make a loan to NewCo. in the amount of $75,000.  Mr. Foh's subscription included a voluntary redemption option.

24. On or about June 6, 2018, Plaintiff Jailineli Ltd. executed a Subscription Agreement to purchase Newco Class B Common Stock in the amount of $75,000, and to make a loan to

NewCo. in the amount of $225,000. Jailineli Ltd.'s subscription included a voluntary redemption option.

25. On or about June 7, 2018, Plaintiff Michelle Denimal executed a Subscription Agreement to purchase Newco Class B Common Stock in the amount of $50,000, and to make a loan to NewCo. in the amount of $150,000. Ms. Denimal's subscription included a voluntary redemption option.

26. On or about June 7, 2018, Plaintiff John Friedman executed a Subscription Agreement to purchase NewCo Class B Common Stock in the amount of $25,000, and to make a loan to NewCo. in the amount of $75,000. Mr. Friedman's subscription included a voluntary redemption option.

27. On or about June 14, 2018, Plaintiff Raquette View Ltd. executed a Subscription Agreement to purchase NewCo Class B Common Stock in the amount of $125,000, and to make a loan to NewCo. in the amount of $375,000. Raquette View Ltd.'s subscription included a voluntary redemption option.[1]

28. After making their respective investments, Plaintiffs learned that Prodigy Network was experiencing difficulties in meeting its financial obligations relating to the Project as well as other projects under its control, due to alleged mismanagement and other questionable business practices.

29. In May 2019, Plaintiffs learned that Prodigy Network's former Chief Operating Officer, Vincent Mikolay, had filed a lawsuit against Prodigy Network and its manager, Rodrigo Nino, for defaulting on the payment of a redemption request for units issued by Prodigy Network.

---

[1] Other than the respective amount of investment, terms of the Subscription Agreement, including the Offering Memorandum, executed by each of the Plaintiffs are identical.

In that action, Mr. Mikolay alleged that Prodigy Network was experiencing cash difficulties as a result of "Rodrigo Nino's poor management and irresponsible financial practices." Mr. Mikolay further alleged that Prodigy Network and Mr. Nino are the alter egos of one another because corporate formalities were not observed and because Prodigy's profits were utilized to fund Mr. Nino's personal expenses and distributions.

30. In June 2019, Prodigy Network, through an affiliate, suspended bi-annual preferred return payments to investors, including to several Plaintiffs, in a project relating to a property located at 17 John Street in Manhattan, New York. According to a statement issued by Prodigy Network, the New York property was operating below the original performance projections and, as a result, Prodigy Network had to contribute $2 million towards working capital, manager loans, and withholding collection of asset management fees, to cover current and future debt obligations relating to that project.[2]

31. On June 25, 2019, Riad Chowdhury timely submitted to Prodigy Network and to NESF a written demand to redeem his full equity investment and loan in NewCo. Mr. Chowdhury's redemption demand entitled him to unconditionally receive the return of his full capital contribution ($250,000) plus a 18% pre-tax annual compounded return; however, to date, Prodigy has failed to make the payment due to Mr. Chowdhury.

32. On June 27, 2019, Gavin Foh timely submitted to Prodigy Network and to NESF a written demand to redeem his full equity investment and loan in NewCo. Mr. Foh's redemption demand entitles him to unconditionally receive the return of his full capital contribution ($100,000)

---

[2] Plaintiff are further informed that many of Prodigy Network's business units in 2018 and 2019 significantly underperformed against their budgets due to potential mismanagement.

plus a 18% pre-tax annual compounded return; however, to date, Prodigy has failed to make the payment due to Mr. Foh.

33. On June 27, 2019, Jailineli Ltd. timely submitted to Prodigy Network and to NESF a written demand to redeem its full equity investment and loan in NewCo. Jailineli Ltd.'s redemption demand entitles it to unconditionally receive the return of its full capital contribution ($300,000) plus a 18% pre-tax annual compounded return; however, to date, Prodigy has failed to make the payment due to Jailineli Ltd.

34. On June 27, 2019, Michelle Denimal timely submitted to Prodigy Network and to NESF a written demand to redeem her full equity investment and loan in NewCo. Ms. Denimal's redemption demand entitles her to unconditionally receive the return of her full capital contribution ($200,000) plus a 18% pre-tax annual compounded return; however, to date, Prodigy has failed to make the payment due to Ms. Denimal.

35. On June 30, 2019, Francois Denimal timely submitted to Prodigy Network and to NESF a written demand to redeem his full equity investment and loan in NewCo. Mr. Denimal's redemption demand entitles him to unconditionally receive the return of his full capital contribution ($250,000) plus a 18% pre-tax annual compounded return; however, to date, Prodigy has failed to make the payment due to Mr. Denimal.

36. On July 19, 2019, John Friedman timely submitted to Prodigy Network and to NESF a written demand to redeem his full equity investment and loan in NewCo. Mr. Friedman's redemption demand entitles him to unconditionally receive the return of his full capital contribution ($200,000) plus a 18% pre-tax annual compounded return; however, to date, Prodigy has failed to make the payment due to Mr. Friedman.

37. On August 13, 2019, Plaintiff Raquette View Ltd. timely submitted to Prodigy Network and to NESF a written demand to redeem its full equity investment and loan in NewCo. Raquette View Ltd.'s redemption demand entitles it to unconditionally receive the return of its full capital contribution ($500,000) plus 18% pre-tax annual compounded return.

38. In a meeting with investors on August 20, 2019, Rodrigo Nino informed investors that the Fund did not have sufficient capital to meet financial obligations relating to the Project, including payment of the pending investor redemptions requests.

39. According to NES Financial (the Fund's administrator), the Fund's cash balance as of August 21, 2019 was only $8,748,700.79—significantly less than the $13,778,620 in capital contributions that was initially raised by the Defendants—and well below the $10M needed to purchase the land (as represented in the Offering Memorandum).

40. According to NES Financial, by December 19, 2019, the Fund's cash balance had quickly decreased by $539,677.81, leaving a balance in the amount of $8,209,022.98.

41. Upon information and belief, Prodigy Network's insolvency is imminent and it is alleged that Defendants have utilized Plaintiffs' investments for purposes other than those relating to the Project in violation of the terms of the Offering Memorandum.

<u>**COUNT I – BREACH OF CONTRACT**</u>

42. Plaintiffs repeat the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

43. Plaintiffs entered into valid and binding contracts with Defendants, whereby Plaintiffs were entitled to receive their respective initial investment plus a 18% pre-tax annual compounded return from the Fund.

44. Plaintiffs sent timely redemption demands to Defendants; however, Defendants have failed to honor Plaintiffs' redemption demands.

45. Plaintiffs have been damaged by Defendants' breach of contract.

WHEREFORE, Plaintiff, Francois Denimal, Michelle Denimal, Riad Chowdhury, Gavin Foh, John Friedman, Raquette View Limited, and Jailineli Limited seek judgment in their favor and against Defendants Prodigy Network, LLC and 1234 W Randolph NewCo, Inc. for damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury in this matter.

Dated: New York, NY
February 5, 2020

By: /s/ *Steven M. Lucks*
Steven M. Lucks
Zachary W. Silverman
FISHKIN LUCKS LLP
277 Broadway, Suite 408
New York, NY 10007
Tel: 646.755.9200
Fax: 973.679.4435
slucks@fishkinlucks.com
zsilverman@fishkinlucks.com

-and-

By: /s/ *David B. Rosemberg*
David B. Rosemberg
(*pro hac vice motion to be filed*)
ROSEMBERG LAW
20200 W. Dixie Hwy., Suite 602
Aventura, Florida 33180
Tel: 305.602.2008
Fax: 305.602.0225
david@rosemberglaw.com