UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCOIS DENIMAL, MICHELLE DENIMAL, RIAD CHOWDHURY, GAVIN FOH, JOHN FRIEDMAN, RAQUETTE VIEW LIMITED a foreign corporation, and JAILINELI LIMITED, a foreign corporation,<br><br>                            Plaintiffs,<br>v.<br><br>PRODIGY NETWORK, LLC, a Delaware limited liability company, and 1234 W RANDOLPH NEWCO, INC., a Delaware corporation,<br><br>                            Defendants. | Case No. 1:20-cv-00968-MKV<br><br>**DEFENDANTS PRODIGY NETWORK, LLC AND 1234 W RANDOLPH NEWCO, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendants Prodigy Network, LLC and 1234 W Randolph NewCo, Inc. (collectively "Defendants") hereby answer the Complaint filed by Plaintiffs Francois Denimal, Michelle Denimal, Riad Chowdhury, Gavin Foh, John Friedman, Raquette View Limited, and Jailineli Limited (collectively, "Plaintiffs") by denying each and every allegation contained therein, except those that are specifically admitted, modified, or qualified in this Answer. Defendants base their responses on their current knowledge as to their own activities, and on their current information and belief as to the activities of others. Defendants reserve the right to supplement this Answer as more information becomes available to them. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint.

## NATURE OF ACTION

1. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1.

## THE PARTIES

2. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 and therefore deny them.

3. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 3 and therefore deny them.

4. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 4 and therefore deny them.

5. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 5 and therefore deny them.

6. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 and therefore deny them.

7. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 7 and therefore deny them.

8. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 and therefore deny them.

9. Defendants admit the allegations in Paragraph 9.

10. Defendants admit the allegations in the first sentence of Paragraph 10. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the second sentence of Paragraph 10 and therefore deny them.

## JURISDICTION AND VENUE

11. This paragraph contains legal conclusions to which no response is required.

12. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 12, except admit that they consented to jurisdiction in New York City, New York over any claim arising under or in connection with the "Subscription Agreements" described in the Complaint.

13. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 13.

**FACTUAL ALLEGATIONS**

14. Defendants admit the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15, except admit that in May 2018, a client relationship associate affiliated with Prodigy Network, LLC discussed with Plaintiffs' representatives the possibility of an investment in an equity offering for the development of a hotel in Chicago.

16. Defendants admit interests in certain funds "were sold pursuant to an Amended and Restated Confidential Private Offering Memorandum . . . dated July 15, 2016 and a Supplement to Offering Memorandum dated June 1, 2018" (together, the "Offering Memorandum"). Defendants deny the remaining allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants admit that the Offering Memorandum contains the excerpted language referenced in Paragraph 19 but deny the remainder of that Paragraph.

20. Defendants admit that in order to acquire an interest in the 1324 W Randolph Domestic Feeder Series, an interested party was required to execute a Subscription Agreement, but deny the remaining allegations in Paragraph 20 as calling for a legal conclusion to which no response is required.

21. Defendants admit that on or about June 3, 2018, Plaintiff Francois Denimal executed a Subscription Agreement to purchase $62,500 of NewCo Class B Common Stock and to make a $187,500 loan, but deny the remaining allegations in Paragraph 21.

22. Defendants admit that on or about June 4, 2018, Plaintiff Riad Chowdhury executed a Subscription Agreement to purchase $62,500 of NewCo Class B Common Stock and to make a $187,500 loan, but deny the remaining allegations in Paragraph 22.

23. Defendants admit that on or about June 4, 2018, Plaintiff Gavin Foh executed a Subscription Agreement to purchase $25,000 of NewCo Class B Common Stock and to make a $75,000 loan, but deny the remaining allegations in Paragraph 23.

24. Defendants admit that on or about June 6, 2018, Plaintiff Jailineli Limited executed a Subscription Agreement to purchase $75,000 of NewCo Class B Common Stock and to make a $225,000 loan, but deny the remaining allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants admit that on or about June 7, 2018, Plaintiff John Friedman executed a Subscription Agreement to purchase $25,000 of NewCo Class B Common Stock and to make a $75,000 loan, but deny the remaining allegations in Paragraph 26.

27. Defendants admit that on or about June 14, 2018, Plaintiff Raquette View Limited executed a Subscription Agreement to purchase $125,000 of NewCo Class B Common Stock and to make a $375,000 loan, but deny the remaining allegations in Paragraph 27.

28. Defendants lack knowledge or information sufficient to form a belief as to what Plaintiffs purport to have learned, and therefore deny those allegations, and deny the remainder of Paragraph 28.

29. Defendants admit that Vincent Mikolay filed a lawsuit against Rodrigo Nino and Prodigy Network, LLC in May 2019, and refer the Court to a copy of that Complaint as the best evidence of its content.  Defendants lack knowledge or information sufficient to form a belief as to when Plaintiffs learned of such lawsuit and therefore deny those allegations, as well as the remaining allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30, except admit that Prodigy Network, LLC issued a statement outlining certain difficulties faced by the 17 John Street project

and committing to voluntarily invest an additional $2 million into the project in an effort to support that investment and ensure its success. Defendants deny the allegations in the footnote to Paragraph 30.

31. Defendants deny the allegations in Paragraph 31, except admit that on or around June 25, 2019, Plaintiff Riad Chowdhury sent to 1234 W Randolph NewCo, Inc. a document regarding "1234 Randolph NewCo Inc., Class B Common Stock and NewCo Loan with Voluntary Redemption Option," but deny that such document entitled Plaintiff Riad Chowdhury to "unconditionally receive the return of his full capital contribution" because, among other things, the Offering Memorandum provides Prodigy Network, LLC the absolute right to suspend redemption requests when, in Prodigy Network, LLC's sole determination, Prodigy Network, LLC believes that granting the redemption request is not reasonably practicable or would be seriously prejudicial to non-redeeming investors.

32. Defendants deny the allegations in Paragraph 32, except admit that on or around June 27, 2019, Plaintiff Gavin Foh sent to 1234 W Randolph NewCo, Inc. a document regarding "1234 Randolph NewCo Inc., Class B Common Stock and NewCo Loan with Voluntary Redemption Option," but deny that such document entitled Plaintiff Gavin Foh to "unconditionally receive the return of his full capital contribution" because, among other things, the Offering Memorandum provides Prodigy Network, LLC the absolute right to suspend redemption requests when, in Prodigy Network, LLC's sole determination, Prodigy Network, LLC believes that granting the redemption request is not reasonably practicable or would be seriously prejudicial to non-redeeming investors."

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34, except admit that on or around June 27, 2019, Plaintiff Michelle Denimal submitted to 1234 W Randolph NewCo, Inc. a document regarding "1234 Randolph NewCo Inc., Class B Common Stock and NewCo Loan with Voluntary Redemption Option," but deny that such document entitled Plaintiff Michelle Denimal to "unconditionally receive the return of her full capital contribution" because, among other things, the Offering Memorandum provides Prodigy Network, LLC the absolute right to suspend redemption requests when, in Prodigy Network, LLC's sole determination, Prodigy Network, LLC believes that granting the redemption request is not reasonably practicable or would be seriously prejudicial to non-redeeming investors."

35. Defendants deny the allegations in Paragraph 35, except admit that on or around June 30, 2019, Plaintiff Francois Denimal sent to 1234 W Randolph NewCo, Inc. a document entitled "Notice of Voluntary Redemption," but deny that such document entitled Plaintiff Francois Denimal to "unconditionally receive the return of his full capital contribution" because, among other things, the Offering Memorandum provides Prodigy Network, LLC the absolute right to suspend redemption requests when, in Prodigy Network, LLC's sole determination, Prodigy Network, LLC believes that granting the redemption request is not reasonably practicable or would be seriously prejudicial to non-redeeming investors."

36. Defendants deny the allegations in Paragraph 36, except admit that on or around July 19, 2019, Plaintiff John Friedman sent to 1234 W Randolph NewCo, Inc. a document regarding "1234 W Randolph NewCo Inc., 1234 W Randolph with Voluntary Redemption Option," but deny that such document entitled Plaintiff John Friedman to "unconditionally receive the return of his full capital contribution" because, among other things, the Offering Memorandum provides Prodigy Network, LLC the absolute right to suspend redemption requests when, in

Prodigy Network, LLC's sole determination, Prodigy Network, LLC believes that granting the redemption request is not reasonably practicable or would be seriously prejudicial to non-redeeming investors."

37. Defendants deny the allegations in Paragraph 37, except admit that Plaintiff Raquette View Limited sent to Prodigy Network, LLC a document referring to "Voluntary Redemption," but deny that such document entitled Plaintiff Raquette View Limited to "unconditionally receive the return of its full capital contribution" because, among other things, the Offering Memorandum provides Prodigy Network, LLC the absolute right to suspend redemption requests when, in Prodigy Network, LLC's sole determination, Prodigy Network, LLC believes that granting the redemption request is not reasonably practicable or would be seriously prejudicial to non-redeeming investors."

38. Defendants deny the allegations in Paragraph 38, except admit that Mr. Nino informed investors that if the Project were to succeed, it was not in a position where it would be able to satisfy payment redemption requests at that time.

39. Defendants deny the allegations in Paragraph 39, except admit that (a) the cash balance as of August 21, 2019 was approximately $8,748,000, (b) the total amount of capital contributions raised was $13,778,620, (c) the Offering Memorandum had estimated the purchase price for the land at $10,000,000, and (d) according to the fund's administrator, all monies had been appropriately spent in furtherance of the Project's development.

40. Defendants deny the allegations in Paragraph 40, except admit that the cash balance as of December 19, 2019 was approximately $8,209,000.

41. Defendants deny the allegations in paragraph 41.

## COUNT ONE

## ([ALLEGED] BREACH OF CONTRACT)

42. In response to this paragraph, Defendants incorporate by reference their responses to paragraphs 1 through 41 as though fully set forth herein.

43. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 43.

44. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 44.

45. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 45.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in this Answer, Defendants further respond to the Complaint with the defenses set forth below. Defendants expressly reserve the right to supplement this Answer, including in order to assert additional affirmative defenses as more information is learned through discovery and further factual investigation. Defendants do not intend to hereby assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiffs bear the burden of proof.

1. Plaintiffs' Complaint fails to state a claim for which relief can be granted.

2. Plaintiffs' Complaint is barred, in whole or in part, because Plaintiffs have not suffered any damages.

3. Plaintiffs' Complaint is barred, in whole or in part, by the express terms, conditions, and requirements in the Offering Memorandum.

4. Plaintiffs' Complaint is barred, in whole or in part, because Plaintiffs would be unjustly enriched if they obtained the relief requested in the Complaint.

**WHEREFORE**, Defendants respectfully request that this Court:

1. Deny any and all relief requested by Plaintiffs; and

2. Award Defendants such further relief as the Court deems just and proper.

Dated: March 12, 2020

Respectfully submitted,

By: *s/ George E. Mastoris*

George E. Mastoris
Adam P. Moskowitz
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
gmastoris@winston.com
apmoskowitz@winston.com

*Counsel for Defendants Prodigy Network, LLC and Prodigy Shorewood Domestic Feeder Rep Fund, LLC*