USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/17/2020

# Fishkin Lucks

Zachary W. Silverman
zsilverman@fishkinlucks.com

September 16, 2020

via ECF
Honorable Mary Kay Vyskocil, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007
VyskocilNYSDChambers@nysd.uscourts.gov

Re:   Denimal, et al. v. Prodigy Network, LLC, 1:20-cv-00968

Dear Judge Vyskocil:

Pursuant to Your Honor's Individual Rules of Practice in Civil Cases, the parties submit this joint letter motion requesting approval to redact certain exhibits filed in connection with plaintiffs' motion for summary judgment (ECF No. 26).

Plaintiffs' Proposed Redactions
After filing their summary judgment motion, plaintiffs became aware that certain personal information—including their passport identification numbers, national identification numbers, e-mail addresses, telephone numbers, mailing addresses, and banking details—was contained within exhibits 3-5 of each of the supporting declarations at ECF Nos. 29-35.

Although there is a presumption of public access to judicial documents, the personal information sought to be redacted within these exhibits has no bearing on the merits or adjudication of this case and implicates important privacy concerns. *See Abbey v. 3F Therapeutics, Inc.*, No. 06 CV 409, 2010 WL 11677681, at *1 (S.D.N.Y. Aug. 3, 2010). As such, plaintiffs respectfully submit that the information sought to be redacted overcomes the presumption of public access to judicial documents. *See Banco Santander (Brasil), S.A. v. Am. Airlines, Inc.*, No. 20-CV-3098, 2020 WL 4926271, at *2 (E.D.N.Y. Aug. 21, 2020) ("When the material at issue 'play[s] only a negligible role in the performance of Article III duties,' the weight of the presumption 'is low and amounts to little more than a prediction of public access absent a countervailing reason.'" (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Defendants' Proposed Redactions
As part of Plaintiffs' motion for summary judgment, Plaintiffs publicly filed the Supplement to Confidential Private Offering Memorandum, dated June 1, 2018 (the "Supplement"), which contains significant confidential and competitively sensitive information regarding Prodigy's business and financial structure. *See* ECF Nos. 29-2, 30-2, 31-2, 32-2, 33-2, 34-2, and 35-2. Among other things, the Supplement contains specific financial information related to the

00078291.3

New York | 277 Broadway, Suite 408, New York, NY 10007  (646) 755-9200  •  New Jersey | One Riverfront Plaza, Suite 410, Newark, NJ 07102  (973) 536-2800
www.fishkinlucks.com

Honorable Mary Kay Vyskocil, U.S.D.J
September 16, 2020
Page 2 of 2

acquisition and development of a hotel at 1234 W Randolph Street in Chicago, IL—information which Prodigy considers highly sensitive and confidential, and which could provide Prodigy's competitors with an unfair advantage and cause Prodigy to suffer significant competitive harm if disclosed. Accordingly, Defendants respectfully request that such material be sealed from the public. *See Banco Santander*, 2020 WL 4926271, at *3-4 (finding the "allegation of competitive harm is a sufficiently powerful 'countervailing reason' to overcome the mere 'prediction of public access'"); *Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (authorizing sealing where the party's "request is narrowly tailored, and because . . . the likely harm they may suffer if this 'highly proprietary material' is revealed to their competitors outweigh the presumption of public access").

Moreover, none of the information sought to be filed under seal is relevant to the instant dispute at this time, nor is there a legitimate interest in the public access having to such information. Defendants have redacted only those portions that are confidential and sensitive and that they do not expect to play a role in this litigation. While all judicial proceedings are presumptively open to the public, the public interest will not be meaningfully disserved by sealing the proposed portions of the Supplement, as no public interest is implicated by those portions. *Banco Santander*, 2020 WL 4926271, at *3 (sealing materials where resolution of the case turned on provisions of the relevant agreement not sought to be redacted).

***

Pursuant to Your Honor's Individual Rules of Practice in Civil Cases, we have attached copies of the documents sought to be redacted both as they were filed and with the proposed redactions. We appreciate Your Honor's consideration of this matter.

Respectfully submitted,

| | |
|---|---|
| FISHKIN LUCKS | WINSTON & STRAWN LLP |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| | /s/ George E. Mastoris |
| Zachary W. Silverman | George E. Mastoris |

Encls.

00078291.3

> The Parties' request to redact exhibits in connection with Plaintiffs' Motion for Summary Judgment is HEREBY GRANTED. The following documents are HEREBY ORDERED sealed: ECF Nos: Decl. of Francois Denimal: 29-2, 29-3, 29-4, 29-5; Decl. of Gavin Foh: 30-2, 30-3, 30-4, 30-5; Decl. John Friedman: 31-2, 31-3, 31-4, 31-5; Decl. of Linda Benhos: 32-2, 32-3, 32-4; Decl. of Michelle Denimal: 33-2, 33-3, 33-4, 33-5; Decl. of Riad Chowdhury: 34-2, 34-3, 34-4, 34-5; Decl. of Sergio Mondlak: 35-2, 35-3, 35-4, 35-5.
>
> The Clerk's Office is respectfully requested to seal the above listed documents from public viewing and restrict viewing to the parties in this matter: Raquette View Limited, Riad Chowdhury, Jailineli Limited, Michelle Denimal, Francois Denimal, Gavin Foh, John Friedman, 1234 W Randolph NewCo, Inc., Prodigy Network, LLC. SO ORDERED.
>
> Date: 09/17/2020
> New York, New York
>
> Mary Kay Vyskocil
> United States District Judge